**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| REGINA N. SCATES, | : | CIVIL CASE NO. |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| CITY OF BRIDGEPORT, | : | |
| Defendant | : | SEPTEMBER 26, 2014 |

## COMPLAINT

**I.     PRELIMINARY STATEMENT**

1.     This action seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney fees for the gender discrimination suffered by the plaintiff when the defendant forced the plaintiff to take leave from her position as firefighter and denied her fringe benefits on account of the plaintiff's pregnancy, and in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Connecticut Fair Employment Practices Act.

2.     In addition, this action seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney fees for the gender discrimination suffered by the plaintiff when the defendant refused to accommodate the plaintiff's pregnancy and forced her to take leave from her position as firefighter, and denied her fringe benefits on account of the plaintiff's pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Connecticut Fair Employment Practices Act.

## II.   JURISDICTION

3.   This action arises under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., the Civil Rights Act of 1991, and Title 42 U.S.C. §1981a.

4.   Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4), and Title 42 U.S.C. §2000e-5(f).

5.   Jurisdiction over the plaintiff's state law claims is invoked pursuant to the supplemental jurisdiction of the Court.

6.   All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), have occurred or have been complied with in the following manner:

   a)   A charge of employment discrimination on the basis of gender was filed on or about September 30, 2013, by the plaintiff with both the State of Connecticut Commission on Human Rights and Opportunities and with the United States Equal Employment Opportunity Commission, which filing was within 180 days of the commission of the unlawful employment practices alleged herein;

   b)   The plaintiff was issued a "notice of right to sue within 90 days" by the United States Department of Justice on September 4, 2014 (a copy of which is attached as *Exhibit 1*).

    c)      The plaintiff was issued a "Release of Jurisdiction" by the Connecticut Commission on Human Rights and Opportunities on August 29, 2014 ( a copy of which is attached as *Exhibit 2*).

7.    Declaratory, injunctive, compensatory and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202 and Title 42 U.S.C. §2000e-5(g). Compensatory and punitive damages are sought pursuant to Title 42 U.S.C. §1981a.

8.    Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k).

## III.   VENUE

9.    This action properly lies in the District of Connecticut pursuant to Title 42 U.S.C. §2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

## IV.   PARTIES

10.    The plaintiff is a female citizen of the United States and resides in Bridgeport, Connecticut.

11.    The defendant is a municipal corporation organized and existing under the laws of the State of Connecticut, and is a political subdivision of the State of Connecticut.

12.    The defendant is a person within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(a).

13.    The defendant is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(b).

14.    The defendant is an employer, which engages in an industry affecting commerce and, upon information and belief, employs more than 15 regular employees.

15.    The defendant is an employer within the meaning of Section 46a-51(10) of the Connecticut General Statutes.

## V.    STATEMENT OF FACTS

16.    The plaintiff is a female member of the Bridgeport Fire Department with permanent status in the position of firefighter.

17.     In May of 2013, the plaintiff informed the defendant that she was pregnant with an expected date of December 26, 2013, for the birth of her child.

18.    On May 28, 2013, the plaintiff's treating physician in a memo delivered by the plaintiff to the defendant recommended that the plaintiff be placed on light duty, initially until July 1, 2013. *Exhibit 3.*

19.    On June 25, 2013, the plaintiff's treating physician in a memo delivered by the plaintiff to the defendant stated that the plaintiff "is pregnant and is advised not to carry anything over 35 pounds/not to work shifts over 8 hours long/and to only work on light duty until delivery." *Exhibit 4.*

20.    Based on the memos of the plaintiff's treating physician, the defendant detailed the plaintiff to work in administration commencing June 3, 2013.

21.    On August 30, 2013, the defendant disciplined the plaintiff for allegedly violating the defendant's "Fire Absence Control Policy." *Exhibit 5.*

22. On August 30, 2013, the plaintiff was "coached and counseled" by Deputy Chief James Grace of the Bridgeport Fire Department for "excessive absences of sick leave with (5) Five Occasions in the past twelve months. *Exhibit 5.*

23. On August 30, 2013, the plaintiff was issued a verbal warning by Deputy Chief James Grace of the Bridgeport Fire Department for "six incidents of sick leave within the last twelve (12) months. *Exhibit 6.*

24. On August 30, 2013, the plaintiff was issued a written warning by Deputy Chief James Grace of the Bridgeport Fire Department for "seven incidents of sick leave within the last twelve (12) months. *Exhibit 7.*

25. On August 30, 2013, the defendant terminated the plaintiff's assignment to administration, and unilaterally placed her on unpaid maternity leave.

26. On August 30, 2013, Deputy Chief Grace informed the plaintiff that her assignment to the administration had ended and that the defendant was placing her on unpaid maternity leave.

27. The plaintiff did not request on August 30, 2013, that she be placed on unpaid maternity leave.

28. The plaintiff was fully capable of performing the duties of a firefighter assigned to administration.

29. On September 3, 2013, Robert W. Petrucelli, the defendant's Deputy Chief, Administration, informed the plaintiff by letter that her "status with the

Bridgeport Fire Department as of September 3, 2013 is Maternity Leave in accordance with The Union Contract Article 14A, Section 1.

30. "Maternity Leave in accordance with The Union Contract Article 14A, Section 1" is unpaid leave.

31. The provisions of Article 14A, Section 1 treats leave for pregnancy substantially less favorably than leave for non-pregnancy physical disabilities.

32. The defendant provides unlimited paid sick leave to members of the Bridgeport Fire Department.

33. After the plaintiff complained about the outrageous discriminatory conduct of the defendant, the defendant changed the plaintiff's forced leave from being unpaid to paid leave.

34. On September 6, 2013, Deputy Chief Petrucelli, by letter, informed the plaintiff that "[t]his is to inform you that your status with the Bridgeport Fire Department has been changed to 'Sick Leave' effective immediately. You will be paid during this time and will be receiving weekly paychecks."

35. As a result of being force to take leave from her employment on account of her pregnancy, the plaintiff, on or about September 17, 2013, applied for leave under the Family and Medical Leave Act.

36. On September 24, 2013, the defendant granted the plaintiff's request for Family and Medical Leave Act, retroactive to September 24, 2013.

37.    On December 17, 2013, Deputy Chief James Grace informed the president of the union representing the plaintiff that "FF REGINA SCATES FMLA LEAVE-APPROVAL BY DARLENE PEREZ OF HUMAN RESOURCES WHICH IS RETROACTIVE TO MAY 28, 2013 THEREFORE THERE IS NO VIOLATION OF THE BRIDGEPORT FIRE ABSENCE POLICY…" *Exhibit 8.*

38.    On or about February 26, 2014, the defendant deprived the plaintiff of seven compensatory days off ("CDO") claiming that since the plaintiff was out of work on pregnancy leave, she was not entitled to the CDOs.

39.    The defendant allows CDOs in the case of injury and/or sick leave unrelated to pregnancy.

40.    The deprivation of the CDOs has caused and will cause economic injury to the plaintiff since it affects her earning potential for the 2014 calendar year, and impacts on the amount of her future retirement benefits.

41.    On or about March 12, 2014, the defendant denied the plaintiff overtime accruals, claiming that since the plaintiff was out of work on pregnancy leave, she was not entitled to such accruals.

42.    The defendant allows overtime accruals in the case of injury and/or sick leave unrelated to pregnancy.

43.    The deprivation of the overtime accruals has caused and will cause economic injury to the plaintiff since it affects her earning potential for the 2014 calendar year, and impacts on the amount of her future retirement benefits.

44. By requiring the plaintiff to take maternity leave on September 1, 2013, the plaintiff was unnecessarily forced to exhaust her FMLA leave prior to the birth of her child.

45. The plaintiff was fully capable of remaining at work in administration for at least another two months.

46. The time during which the plaintiff was on FMLA leave does not count toward her retirement.

47. The defendant intentionally inflicted emotional stress on the plaintiff when it issued three levels of discipline to the plaintiff, at the same time, when it was contractually obligated to impose such discipline on a progressive basis.

48. The issuing of the three levels of discipline on the plaintiff at the same time placed the plaintiff in grave fear that she would lose her position for even the most non-consequential violation of the defendant's rules and regulations.

49. The defendant's behavior in simultaneously issuing three levels of discipline on the plaintiff and placing her on unpaid maternity leave, was outrageous and intended to cause the plaintiff severe emotional stress.

50. The defendant's conduct was even more outrageous because it was fully aware that the plaintiff was pregnant and had been absent due to her pregnancy related condition.

51. The defendant did not rescind the discipline until December 17, 2013, even though it was aware from the issuance of the discipline that there was no legitimate basis for disciplining the plaintiff.

52.    The plaintiff has suffered financially as a result of the defendant's discriminatory conduct.

53.    The plaintiff has suffered emotional distress as a result of the defendant's discriminatory conduct.

54.    The defendant violated the provisions of Connecticut General Statutes § 46a-60(a)(1) because it has discriminated against the plaintiff on account of the plaintiff's sex.

55.    The defendant violated the provisions of Connecticut General Statutes § 46a-60(a)(7) because it discriminated against the plaintiff on account of her pregnancy.

56.    The defendant treated the plaintiff in a less favorable manner than it treated non-African American pregnant employees, allowing such employees to remain assigned to administration until they chose, based on their physicians' instructions, to go on maternity leave, which the defendant classified as paid leave.

**VI.**    **FIRST CAUSE OF ACTION (Unlawful Gender Discrimination)**

57-112.    The plaintiff incorporates as if re-alleged paragraphs 1 through 56.

113.    The defendant discriminated against the plaintiff because of her sex when it treated her pregnancy related condition and pregnancy related absences different from non-pregnancy related impairments and absences.

114.   Title VII of the Civil Rights Act of 1964 explicitly prohibits discriminatory practices because of sex, and on the basis of sex.

115.   Title VII of the Civil Rights Act of 1964 provides, "It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin…"

116.   Title VII of the Civil Rights Act of 1964 provides that "[t]he terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 703(h) of this title shall be interpreted to permit otherwise."

117.   The defendant discriminated against the plaintiff because of her sex when it disciplined her for her absences due to her pregnancy related medical condition.

118.   The defendant discriminated against the plaintiff because of her sex when it terminated her assignment to administration and placed her on non-paid maternity leave.

119. The defendant discriminated against the plaintiff because of her sex when it forced her to take maternity leave on September 1, 2013, which was approximately three months before the birth of her child.

120. The defendant discriminated against the plaintiff because of her sex when it refused to recognize her overtime accruals, and her CDOs.

121. The defendant violated the provisions of the Pregnancy Discrimination Act, Title 42 U.S.C. § 2000e(k) when it terminated her assignment to administration; when it forced her to take maternity leave, unpaid at first, and subsequently paid; when it refused to recognize her overtime accruals, and her CDOs; and when it disciplined her for pregnancy related absences.

122. Because the plaintiff's pregnancy was a motivating factor and made a difference in the decision by the defendant to terminate the plaintiff's assignment to administration, to force the plaintiff to take maternity leave, unpaid at first, and subsequently paid, to refuse to recognize the plaintiff's overtime accruals, and her CDOs, and to discipline the plaintiff for pregnancy related absences, the defendant violated the provisions of Title VII of the Civil Rights Act of 1964, as amended.

123. The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

124. The plaintiff has suffered emotional distress as a result of the defendant's discriminatory conduct.

125.    The plaintiff has suffered significant economic losses as a result of the defendant's discriminatory conduct.

**VII.   SECOND CAUSE OF ACTION (Violation of Connecticut Fair Employment Practices Act)**

126-181.       The plaintiff incorporates as if re-alleged paragraphs 1 through 56.

182.    The defendant's actions violated the provisions of the Connecticut Fair Employment Practices Act Employment Practices Act banning gender discrimination, in particular, Connecticut General Statutes § 46a-60(a)(7).

183.    Connecticut General Statutes § 46a-60(a)(7) provides, in relevant part, "(a) It shall be a discriminatory practice in violation of this section…(E) to fail or refuse to make a reasonable effort to transfer a pregnant employee to any suitable temporary position which may be available in any case in which an employee gives written notice of her pregnancy to her employer and the employer or pregnant employee reasonably believes that continued employment in the position held by the pregnant employee may cause injury to the employee or fetus; (F) to fail or refuse to inform the pregnant employee that a transfer pursuant to subparagraph (E) of this subdivision may be appealed under the provisions of this chapter; or (G) to fail or refuse to inform employees of the employer, by any reasonable means, that they must give written notice of their pregnancy in order to be eligible for transfer to a temporary position."

184.   The defendant violated the provisions of Connecticut General Statutes § 46a-60(a)(7) when it terminated her assignment to administration; when it forced her to take maternity leave, unpaid at first, and subsequently paid; when it refused to recognize her overtime accruals, and her CDOs; and when it disciplined her for pregnancy related absences.

185.   The plaintiff has suffered emotional distress as a result of the defendant's discriminatory conduct.

186.   The plaintiff has suffered significant economic losses as a result of the defendant's discriminatory conduct

**VIII.   THIRD CAUSE OF ACTION (Intentional Infliction of Emotional Distress)**

187-242.   The plaintiff incorporates as if re-alleged paragraphs 1 through 56.

243.   The defendant intentionally inflicted emotional stress on the plaintiff when it issued three levels of discipline to the plaintiff, at the same time, when it was contractually obligated to impose such discipline on a progressive basis.

244.   The issuing of the three levels of discipline on the plaintiff at the same time placed the plaintiff in grave fear that she would lose her position for even the most non-consequential violation of the defendant's rules and regulations.

245.   The defendant's behavior in simultaneously issuing three levels of discipline on the plaintiff and placing her on unpaid maternity leave, was outrageous and intended to cause the plaintiff severe emotional stress.

246.   The defendant's conduct was even more outrageous because it was fully aware that the plaintiff was pregnant and had been absent due to her pregnancy related condition.

247.   The defendant did not rescind the discipline until December 17, 2013, even though it was aware from the issuance of the discipline that there was no legitimate basis for disciplining the plaintiff.

## IX.   **PRAYER FOR RELIEF**

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

1.   **(As to the First and Second Causes of Action)**

   i.   Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

   ii.   Enjoin the defendant from engaging in such conduct;

   iii.   Award plaintiff equitable relief of accrued overtime opportunities and compensatory days off up to the date of judgment, together with prejudgment interest for that entire period;

   iv.   Award plaintiff compensatory damages for the emotional stress suffered by the plaintiff;

   v.   Award plaintiff costs and attorney fees; and

   vi.   Grant such other and further relief as the Court may deem just and proper.

2.    **(As to the Third Cause of Action)**

      i.    Award the plaintiff monetary damages;

     ii.    Award the plaintiff her costs;

  iii.    Grant such other relief as the Court may deem just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY.**

THE PLAINTIFF – REGINA N. SCATES


BY: /s/ Thomas W. Bucci
    Thomas W. Bucci
    Fed. Bar #ct07805
    WILLINGER, WILLINGER & BUCCI, P.C.
    855 Main Street
    Bridgeport, CT  06604
    Tel: (203) 366-3939
    Fax: (203) 337-4588
    Email: thomasbucci@earthlink.net



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS



PLAINTIFF'S
EXHIBIT
ALL-STATE LEGAL®

CERTIFIED MAIL
2015 0720

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

September 4, 2014

Ms. Regina N. Scates
c/o Thomas W. Bucci, Esquire
Law Offices of Willinger, Willinger, et al.
855 Main Street
Bridgeport, CT  06604

Re:  EEOC Charge Against City of Bridgeport
       No. 16A201400003

Dear Ms. Scates:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since the date
the Commission assumed jurisdiction over the charge, and no suit based
thereon has been filed by this Department, and because you through your
attorney have specifically requested this Notice, you are hereby notified
that you have the right to institute a civil action under Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against
the above-named respondent.

If you choose to commence a civil action, such suit must be filed in
the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC
Boston Area Office, Boston, MA.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Molly J. Moran
Acting Assistant Attorney General
Civil Rights Division

by *Karen S. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Boston Area Office, EEOC
    City of Bridgeport



PLAINTIFF'S
EXHIBIT
2
ALL-STATE LEGAL®

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Regina N. Scates
COMPLAINANT

vs.

City of Bridgeport
RESPONDENT

CHRO No. 1420113

EEOC No. 16A-2014-00003

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION   BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

August 29, 2014
DATE

_Tanya A. Hughes_
Tanya A. Hughes
Executive Director

Sent to:
Complainant's attorney:  thomasbucci@outlook.com
Respondent's attorney:  john.mitola@bridgeportct.gov



PLAINTIFF'S
EXHIBIT
3

# The OB GYN Specialty Group

3180 Main Street
Suite 202
Bridgeport, CT 06606
    Tel: 203 374 0404
    Fax: 203 372 4167

115 Technology Drive
Suite A-300
Trumbull, CT 06611
    Tel: 203 452 8888
    Fax: 203 452 0330

Date _5-28-13_

Addressed To whom it may concern   or    _____
        _____
        _____

Patient Name    _REGINA SKATES_
Patient Date of Birth    _10-26-76_

This letter is written on behalf of our patient, stating that she:

[✓] *Is pregnant and her due date is:    _12-26-13_

[ ] *Was sick on the following dates, please excuse her from work    _____

[ ] *Has pregnancy complications and was advised to stop working starting    _____

[ ] *Has pregnancy complications and was advised to cut her daily working hours to    _____

[ ] *Has decided to stop working and start her maternity leave on:    _____

[ ] *Will Have/Had Surgery on:    and will be cleared to start work on    _____

[ ] *Delivered / Has Recovered from her recent illness, and is cleared to resume work on:    _____

[ ] *Was in the office on the following date, please excuse her:    _____

[ ] *Is currently on Birth Control Pills for the following Non Contraceptive Re  O  Pelvic pain
        O  Irregular bleeding
[ ] *Is cleared to travel by plane    _____  O  Endometriosis

[ ] *Is pregnant and is advised not to carry anything over 35 pounds / not to work shifts over 8 hours long.

If you have any questions please feel free to call the office

Sincerely,

_Pt - IS ADVISED TO BE
ON LIGHT DUTY UNTIL
JULY 1, 2013._

Please circle

John D. Manning, M.D.
Mamata J. Bharucha, M.D.
Pierre S. Hage, M.D.
Sarah K. Leite, M.D.

Leah A. Darak, M.D.
Gregory T. Servetas, M.D.
Isabel D. Goncalves, M.D.
Murray R. Master, M.D.

Revised 10/25/2011



PLAINTIFF'S
EXHIBIT
4
ALL-STATE LEGAL®

RECEIVED
BPT. FIRE DEPT
ADMINISTRATION

13 JUN 26  PM 1:31

# The OB GYN Specialty Group

3180 Main Street
Suite 202
Bridgeport, CT 06606
        Tel: 203 374 0404
        Fax: 203 372 4167

115 Technology Drive
Suite A-300
Trumbull, CT 06611
        Tel: 203 452 8888
        Fax: 203 452 0330

Date   6-25-13

Addressed To whom it may concern   . or   _____
                                         _____
                                         _____
                                         _____

Patient Name   Regina Scates
Patient Date of Birth   10-26-76

This letter is written on behalf of our patient, stating that she:

☑ *Is pregnant and her due date is:          12-26-13

☐ *Was sick on the following dates, please excuse her from work   _____

☐ *Has pregnancy complications and was advised to stop working starting   _____

☐ *Has pregnancy complications and was advised to cut her daily working hours to   _____

☐ *Has decided to stop working and start her maternity leave on:          _____

☐ *Will Have/Had Surgery on:_____ and will be cleared to start work on   _____

☐ *Delivered / Has Recovered from her recent illness, and is cleared to resume work on:   _____

☐ *Was in the office on the following date, please excuse her:          _____

☐ *is currently on Birth Control Pills for the following Non Contraceptive Re   O  Pelvic pain
                                                                        O  Irregular bleeding
☐ *Is cleared to travel by plane   _____                   O  Endometriosis

☑ *is pregnant and is advised not to carry anything over 35 pounds / not to work shifts over 8 hours long. / + to
                                                                              only work on light
If you have any questions please feel free to call the office                  duty until delivery

Sincerely,

Please circle
        John D. Manning, M.D.          Leah A. Darak, M.D.
        Mamata J. Bharucha, M.D.       Gregory T. Servetas, M.D.
        Pierre S. Page, M.D.           Isabel D. Goncalves, M.D.
        Sarah K. Leite, M.D.           Murray R. Master, M.D.

Revised 10/25/2011

                    ___ M.D.





### CITY OF BRIDGEPORT, CONNECTICUT
# BRIDGEPORT FIRE DEPARTMENT

30 CONGRESS STREET • BRIDGEPORT, CONNECTICUT 06604 • TELEPHONE (203) 337-2050 • Fax (203) 333-4940

JAMES GRACE
(EXO) DEPUTY CHIEF

August 30, 2013

FF Regina Scates
Engine #15A

The purpose of this letter is to inform you that Fire Department records indicate you have excessive absences of sick leave with **(5) Five Occasions** in the past twelve months **(August 30, 2012 thru August 30, 2013)** A record of these occasions are attached hereto.

 **The Bridgeport Fire Absence Control Policy section VII 5** requires that you be made aware of this situation and also that upon the **(5th) fifth** occasion you will be subject to appear in the office of the Deputy Chief Executive Officer for **Counseling**.

The Department operates emergency response facilities, which must be ready to meet demands for service day and night. In order to fulfill this obligation, the Department needs everyone on duty every day on which he or she is scheduled to work. Absence must be regarded as a weakening of the Department's ability to furnish its essential public service. Employees are expected to report to work with regularity in return for compensation. Good attendance is, accordingly, a most important job requirement.

If your absences are due to circumstances beyond your control or are of a nature, which may be addressed through counseling, please be aware that the **Employees Assistance Program** is available to you and your participation is encouraged. You may access the EAP Program by calling Toll Free:**1-800-864-2742** or by contacting my office at **337-2062**. All correspondence and/or conversations will be kept strictly confidential.

Very Truly,

James Grace
EXO



*CITY OF BRIDGEPORT, CONNECTICUT*

# BRIDGEPORT FIRE DEPARTMENT

30 CONGRESS STREET • BRIDGEPORT, CONNECTICUT 06604 • TELEPHONE (203) 337-2050 • Fax (203) 333-4940

JAMES GRACE
(EXO) DEPUTY CHIEF

# MEMORANDUM
# OF
# COUNSELING

Friday August 30, 2013

On August 30, 2013 FF Regina Scates was **Coached and Counseled** by (EXO) James Grace on the proper use of the Appendix B Bridgeport Fire Department Absence Control Policy. (Five (5) absences within a twelve (12) month period **August 30, 2012 thru August 30, 2013**). FF Regina Scates will comply.

James Grace
EXO

# Bridgeport Fire Department

## Sick Leave Yearly Total

### 8/30/2012 to 8/30/2013

Scates, Regina N (88302)          CO# E15     Shift A

| Date Off | Date On | Type | Total Work Days | Total Off Duty | Reason |
|----------|---------|------|-----------------|----------------|--------|
| 10/10/2012 | 10/19/2012 | Sick (New) | 6 | 9 | DIARRHEA |
| 12/15/2012 | 12/18/2012 | Sick (New) | 3 | 3 | MIGRAINE / STOMACH ACHE |
| 05/20/2013 | 06/02/2013 | Sick (New) | 6 | 13 | STOMACH CRAMPS |
| 06/10/2013 | 06/11/2013 | Sick (New) | 1 | 1 | NASSUA (WHILE ON DUTY) |
| 06/17/2013 | 06/20/2013 | Sick (New) | 3 | 3 | MIGRAINE HEADACHE & NECK PAIN |
| 07/08/2013 | 07/15/2013 | Sick (New) | 5 | 7 | HEADACHE - CONGESTED |
| 07/25/2013 | 07/29/2013 | Sick (New) | 2 | 4 | STOMACH ACHE |
| 08/19/2013 | 08/23/2013 | Sick (New) | 4 | 4 | COLD |

**Totals:** 8          30          44

|  | Total Work Days | Total Off Duty |
|--|-----------------|----------------|
| **Totals:** 8 | 30 | 44 |





### CITY OF BRIDGEPORT, CONNECTICUT
# BRIDGEPORT FIRE DEPARTMENT

30 CONGRESS STREET • BRIDGEPORT, CONNECTICUT 06604 • TELEPHONE (203) 337-2050 • Fax (203) 333-4940

JAMES GRACE
(EXO) DEPUTY CHIEF

| Regina Scates | 88302 | FF | Engine #15 | A |
|---|---|---|---|---|
| Name of Employee | Employee # | Rank | Company | Shift |

Type of Action Taken

**Verbal Warning  X**      Written Warning      **Overtimes Forfeited  1**   Termination ☐

Date of Violation: **July 25, 2013**_____

**Description of Violation(s)   Excessive use of Sick Leave**

 Under the rules of the Absence Control Policy Firefighter Regina Scates has been designated as having excessive absences. There is a penalty attached to this designation. On the sixth (6th) occasion within a rolling twelve (12) month period, August 30, 2012 thru August 30, 2013 an employee shall forfeit one (1) Overtime Opportunity and the Attendance Review Officer may determine that a Verbal Warning for excessive sick leave is issued. Firefighter Regina Scates had six (6) incidents of sick leave within the last twelve (12) months. (10/10/12, 12/15/12, 5/20/13, 6/17/13, 7/8/13, 7/25/13). Firefighter Regina Scates shall forfeit her next Overtime Opportunity and receive a Verbal Warning.

I have received the above notification

| | | |
|---|---|---|
| Employee Signature | Date | Supervisors Signature |

Check if employee refused to sign

Authorizing Officer : _~~James Grace~~_
Fire Chief / (EXO) Deputy Chief

Date of Issue: 8/30/13

cc:   Local 834
      Employee
      Philip J. White
      File

# Bridgeport Fire Department

## Sick Leave Yearly Total

### 8/30/2012 to 8/30/2013

Scates, Regina N (88302)          CO# E15     Shift A

| Date Off | Date On | Type | Total Work Days | Total Off Duty | Reason |
|----------|---------|------|-----------------|----------------|--------|
| 10/10/2012 | 10/19/2012 | Sick (New) | 6 | 9 | DIARRHEA |
| 12/15/2012 | 12/18/2012 | Sick (New) | 3 | 3 | MIGRAINE / STOMACH ACHE |
| 05/20/2013 | 06/02/2013 | Sick (New) | 6 | 13 | STOMACH CRAMPS |
| ~~06/10/2013~~ | ~~06/11/2013~~ | ~~Sick (New)~~ | ~~1~~ | ~~1~~ | ~~NASSUA (WHILE ON DUTY)~~ |
| 06/17/2013 | 06/20/2013 | Sick (New) | 3 | 3 | MIGRAINE HEADACHE & NECK PAIN |
| 07/08/2013 | 07/15/2013 | Sick (New) | 5 | 7 | HEADACHE - CONGESTED |
| 07/25/2013 | 07/29/2013 | Sick (New) | 2 | 4 | STOMACH ACHE ⑥ |
| 08/19/2013 | 08/23/2013 | Sick (New) | 4 | 4 | COLD |

Totals:  ~~8~~ 6          ~~29~~ 30          ~~43~~ 44

|  | Total Work Days | Total Off Duty |
|---|-----------------|----------------|
| Totals: ~~8~~ 6 | ~~29~~ 30 | ~~43~~ 44 |



PLAINTIFF'S
EXHIBIT

7

ALL-STATE LEGAL



### CITY OF BRIDGEPORT, CONNECTICUT
# BRIDGEPORT FIRE DEPARTMENT

30 CONGRESS STREET • BRIDGEPORT, CONNECTICUT 06604 • TELEPHONE (203) 337-2050 • Fax (203) 333-4940

JAMES GRACE
(EXO) DEPUTY CHIEF

| Regina Scates | 88302 | FF | Engine #15 | A |
|---|---|---|---|---|
| Name of Employee | Employee # | Rank | Company | Shift |

### Type of Action Taken

Verbal Warning    **Written Warning X**    **Overtimes Forfeited  1**    Termination ☐

Date of Violation:  **August 19, 2013**_____

**Description of Violation(s)   Excessive use of Sick Leave**

Under the rules of the Absence Control Policy Firefighter Regina Scates has been designated as having excessive absences. There is a penalty attached to this designation. On the seventh (7th) occasion within a rolling twelve (12) month period, August 30, 2012 thru August 30, 2013 an employee shall forfeit one (1) Overtime Opportunity and the Attendance Review Officer may determine that a Written Warning for excessive sick leave is issued. Firefighter Regina Scates had seven (7) incidents of sick leave within the last twelve (12) months. (10/10/12, 12/15/12, 5/20/13, 6/17/13, 7/8/13, 7/25/13, 8/19/13). Firefighter Regina Scates shall forfeit her next Overtime Opportunity and receive a Written Warning.

I have received the above notification

_____    _____    _____
Employee Signature              Date              Supervisors Signature

Check if employee refused to sign  ⟋

Authorizing Officer :  _JAMES GRACE_
                        Fire Chief/(EXO)Deputy Chief

cc:    Local 834
       Employee                        Date of Issue: 8/30/13
       Philip J. White
       File

# Bridgeport Fire Department

## Sick Leave Yearly Total

### 8/30/2012 to 8/30/2013

Scates, Regina N (88302)          CO# E15    Shift A

| Date Off | Date On | Type | Total Work Days | Total Off Duty | Reason |
|---|---|---|---|---|---|
| 10/10/2012 | 10/19/2012 | Sick (New) | 6 | 9 | DIARRHEA |
| 12/15/2012 | 12/18/2012 | Sick (New) | 3 | 3 | MIGRAINE / STOMACH ACHE |
| 05/20/2013 | 06/02/2013 | Sick (New) | 6 | 13 | STOMACH CRAMPS |
| ~~06/10/2013~~ | ~~06/11/2013~~ | ~~Sick (New)~~ | ~~1~~ | ~~1~~ | ~~NASSUA (WHILE ON DUTY)~~ |
| 06/17/2013 | 06/20/2013 | Sick (New) | 3 | 3 | MIGRAINE HEADACHE & NECK PAIN |
| 07/08/2013 | 07/15/2013 | Sick (New) | 5 | 7 | HEADACHE - CONGESTED |
| 07/25/2013 | 07/29/2013 | Sick (New) | 2 | 4 | STOMACH ACHE |
| 08/19/2013 | 08/23/2013 | Sick (New) | 4 | 4 | COLD |

Totals:  ~~30~~ 29    ~~44~~ 43

| | Total Work Days | Total Off Duty |
|---|---|---|
| Totals: | ~~30~~ 29 | ~~44~~ 43 |

PLAINTIFF'S
EXHIBIT

8



*CITY OF BRIDGEPORT, CONNECTICUT*
# BRIDGEPORT FIRE DEPARTMENT
30 CONGRESS STREET • BRIDGEPORT, CONNECTICUT 06604 • TELEPHONE (203) 337-2050 • Fax (203) 555-4940

JAMES GRACE
(EXO) DEPUTY CHIEF

DECEMBER 17, 2013

DEAR MR. WHITBREAD,

PLEASE BE ADVISIED THAT FF REGINA SCATES HAS FMLA MEDICAL LEAVE-APPROVAL BY DARLENE PEREZ OF HUMAN RESOURCES WHICH IS RETROACTIVE TO MAY 28, 2013 THEREFORE THERE IS NO VIOLATION OF THE BRIDGEPORT FIRE ABSENCE CONTROL POLICY. (LOCAL 834-GRIEVANCE 2013-22 FF REGINA SCATES, ARTICLE 5, DISCIPLINARY) PLEASE REVIEW ATTACHED LETTER FROM HUMAN RESOURCES.

AS ALWAYS SHOULD HAVE ANY QUESTIONS PLEASE FEEL FREE TO CONTACT THIS OFFICE AT (203) 337-2062.

JAMES GRACE (EXO) DEPUTY CHIEF